UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

                                    Plaintiff,

                                                                        Case # 15-CV-6243-FPG

v.

                                                                        DECISION AND ORDER

ERIC STRADER,

                                    Defendant.

 

 

        The United States of America brings this action against Defendant Eric Strader to collect on a student loan that he allegedly took out in 1977 and/or 1978.  ECF No. 1.  On October 13, 2015, the United States moved for summary judgment (ECF Nos. 12, 13), to which the Defendant responded (ECF No. 15), and the government filed a reply (ECF No. 16).

        The Court heard oral argument on June 16, 2016, and issued an oral decision from the bench that denied the United States' summary judgment motion without prejudice to refiling. *See* ECF No. 17.

        As was explained from the bench, the Court denied the summary judgment motion for two primary reasons.  First, there were several issues in the case that were unclear to the Court from reading the government's submissions.  Counsel for the United States did not disagree with this assessment, and in fact told the Court that "the history [of the case] is a little dim;" "the documentation from the 1977 loan is missing;" and "there were perhaps two notes, one lost." The Court mentioned some of the other unclear issues, which included not having sufficient information regarding the breakdown of the amounts of the loans and any payments, not knowing exactly what the loans were, and not knowing how certain figures, including interest, were calculated.

Second, the Court noted that the Statement of Material Facts submitted with the summary judgment motion was not proper. Specifically, the Court told counsel for the United States that "the Statement of Material Facts you filed really just goes through the procedural history here, it doesn't spell out what needs to be spelled out in a Statement of Material Facts, including the loans, the date of the loans, whether or not there have been any payments or offsets, so I'll give you an opportunity to refile this."

The government had over two months to correct these errors and re-file their summary judgment motion, yet inexplicably, the United States did nothing to correct their statement of material facts, ignoring the Court's directions from the June 16, 2016 appearance. Indeed, the Statement of Material Facts dated August 24, 2016 that accompanies the re-filed summary judgment motion is identical to the Statement of Material Facts dated October 8, 2015 that was filed with the original summary judgment motion, and which the Court specifically noted was deficient. *Cf.* ECF Nos. 13-2, 20-4.

Both of those Statements of Material Facts only recite the following as being material facts not in dispute:

1. This action was commenced on 4/24/2015, by the filing of the original Complaint in the office of the Clerk of this Court.
2. The Summons and Complaint has been served on the defendant.
3. Defendant, Eric Strader (hereinafter "Debtor") served an Answer on or about 6/27/15.
4. This is an action to collect on a defaulted student loan.
5. For the reasons set forth in the Memorandum or Law in Support of the United States Motion for Judgment(sic), the Plaintiff is entitled to judgment as a matter of law, as the Answer filed is not sufficient to bar summary judgment.

ECF Nos. 13-2, 20-4.

The Local Rules of the Western District of New York provide that a party moving for summary judgment must submit a "Statement of Facts" which requires the moving party to include with its motion for summary judgment a "separate, short, and concise statement of the

2

material facts to which the moving party contends there is no genuine issue to be tried." *See* W.D.N.Y. Loc. R. Civ. P. 56(a)(3). The Local Rules also provide that "[e]ach statement of material fact by a movant or opponent must be followed by citation to evidence which would be admissible, as required by Federal Rule of Civil Procedure 56(e)," with citations identifying "with specificity" the relevant page or paragraph of the cited authority. *See id.* Similarly, Rule 56 of the Federal Rules of Civil Procedure plainly requires that any facts asserted in support of a summary judgment motion be "followed by citation to evidence which would be admissible."

Since the United States has, once again, failed to file statement of material facts in compliance with the rule, its motion for summary judgment is denied. *See, e.g. MSF Holding Ltd. v. Fiduciary Trust Co., Inter.,* 435 F. Supp. 2d 285, 304-05 (S.D.N.Y. 2006); *Albrecht v. Wackenhut Corp.,* No. 07-CV-6162, 2009 WL 3078880, at *5 (W.D.N.Y. Sept. 24, 2009) *aff'd* 379 F. App'x 65 (2d Cir. 2010).

While the Court would be well within its discretion to simply set this matter down for trial, the Court will nevertheless permit the United States one final opportunity to submit a dispositive motion that complies with the Federal Rules of Civil Procedure and this Court's Local Rules. If the United States elects to submit such a motion, it is due by May 1, 2017.

At the same time, the Court cannot ignore the actions of Plaintiff's counsel in this case, which have caused the Court to spend unnecessary time on their non-compliant submissions. The Supreme Court has stated what is (or should be) obvious to everyone: "that all orders and judgments of courts must be complied with promptly." *Maness v. Meyers*, 419 U.S. 449, 458-60 (1975). For whatever reason, the United States has again ignored the rules of this Court, and more troubling, ignored my directions from the bench that specifically informed them of their non-compliance. While all attorneys who practice before this court are expected to know the rules and follow them, mistakes can occur. But this cannot be categorized as a mistake, since the

Court directly pointed out the non-compliance, and afforded counsel an opportunity to correct it. Rather than correcting the prior mistake, counsel for the United States again disregarded the rules, and did not make a single change to the Statement of Material Facts that was specifically pointed out as being improper.  Such conduct is unacceptable and will not be tolerated.  Based upon counsels disregard for both the rules of the Court and the Court's prior directions, counsel for the United States, Robert J. Kalb of Forsyth, Howe, O'Dwyer, Kalb & Murphy, P.C., is hereby ordered to show cause, in writing and before May 1, 2017, why he should not be sanctioned by the Court for misconduct.

<u>CONCLUSION</u>

The United States' renewed Motion for Summary Judgment (ECF No. 19) is DENIED WITHOUT PREJUDICE.  As a matter of discretion, I will again allow the United States to refile their summary judgment motion – if they choose to do so – in a manner that fully complies with the applicable rules.   Should the United States choose to file a properly supported summary judgment motion that complies with this Court's Rules, such motion must be filed by May 1, 2017.  In addition, for the reasons previously stated, Mr. Kalb is Ordered to Show Cause, in writing and before May 1, 2017, why he should not be sanctioned for his actions in this case.

IT IS SO ORDERED.

DATED:      March 29, 2017
            Rochester, New York

_____
HON. FRANK P. GERACI, JR.
Chief Judge
United States District Court