UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

                            Plaintiff,

v.                                                    Case # 15-CV-6243-FPG

                                                           DECISION AND ORDER

ERIC STRADER,

                            Defendant.

**INTRODUCTION**

On April 24, 2015, Plaintiff United States of America filed a Complaint against Defendant Eric Strader to recover a student loan assigned to Plaintiff. ECF No. 1. Defendant answered on June 27, 2015, admitting only that this Court has jurisdiction to hear the case and that venue is proper. ECF No. 4.

On October 13, 2015, Plaintiff filed a Motion for Summary Judgment. ECF No. 12. Defendant filed a declaration in response, and Plaintiff replied. *See* ECF Nos. 15, 16.

On June 16, 2016, the Court held a motion hearing, denied Plaintiff's Motion for Summary Judgment without prejudice, and set a deadline for Plaintiff to file a new Motion for Summary Judgment. ECF No. 17.

On August 24, 2016, Plaintiff filed a new Motion for Summary Judgment. ECF No. 19.

The following March, the Court again denied Plaintiff's Motion for Summary Judgment and ordered Plaintiff's counsel to show cause why he should not be sanctioned for failing to comply with the local rules.[1] ECF No. 21.

---

[1] On March 31, 2017, Plaintiff's counsel sent a letter to the Court explaining the reasons for his failure to follow the local rules. The Court finds that the stated reasons demonstrate good cause for his actions, and it declines to sanction Plaintiff's counsel for his conduct.

On April 27, 2017, Plaintiff filed another Motion for Summary Judgment and a Motion to Strike Affirmative Defenses, which are currently before the Court. ECF No. 22. Defendant has not responded to Plaintiff's most recent motion and has not filed a statement of undisputed facts as required by Local Rule of Civil Procedure 56(a)(2).

## LEGAL STANDARD

A motion for summary judgment should be granted where the moving party shows that "there is no genuine dispute as to any material fact" and that the moving party "is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is material if it "might affect the outcome of the suit under the governing law . . . ." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute regarding such a fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* Thus, when presented with a motion for summary judgment, the Court must determine "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Id.* at 251-52.

It is the movant's burden to establish that no genuine and material factual dispute exists. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970). To that end, the Court must resolve all ambiguities and draw all reasonable inferences in favor of the non-moving party. *See Giannullo v. City of N.Y.*, 322 F.3d 139, 140 (2d Cir. 2003). That is not to say that the non-moving party bears no burden. Rather, the non-moving party "must set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e). Indeed, where the non-moving party fails to respond to a motion for summary judgment, "the court may consider as undisputed the facts set forth in the moving party's affidavits." *Gittens v. Garlocks Sealing Techs.*, 19 F. Supp. 2d 104, 109 (W.D.N.Y. 1998); *see also* Fed. R. Civ. P. 56(e)(3).

To be clear, the non-moving party's failure to respond to a motion for summary judgment does not itself justify granting summary judgment. *Amaker v. Foley*, 274 F.3d 677, 681 (2d Cir. 2001) (noting that, even where the non-moving party "chooses the perilous path of failing to submit a response to a summary judgment motion," the court "may not grant the motion without first examining the moving party's submission to determine if it has met its burden"). The Court must be satisfied that the moving party's assertions are supported by citations to evidence in the record. *Vermont Teddy Bear Co. v. 1-800 Beargram Co.*, 373 F.3d 241, 244 (2d Cir. 2004). And the motion may be granted "only if the facts as to which there is no genuine dispute show that the moving party is entitled to judgment as a matter of law." *Champion v. Artuz*, 76 F.3d 483, 486 (2d Cir. 1996) (internal quotation marks omitted).

## BACKGROUND[2]

On March 6, 1976, Defendant Eric Strader received a $5,900 loan from Community Savings Bank. In January of 1979, the promissory note for the loan was assigned to the New York State Higher Education Services Corporation ("NYSHESC").

On August 24, 1992, after suing Strader for defaulting on the loan payments, NYSHESC received a judgment from the Supreme Court for the State of New York in the amount of $12,513.16.

The note was subsequently transferred twice: once to Educational Credit Management Corporation and then to Plaintiff on November 2, 2010.

Strader has made no payments on the loan since judgment was entered against him in 1992, and the judgment amount has continued to accrue interest at a rate of 7% annually.

---

[2] The facts in this case are undisputed and taken from Plaintiff's Amended Statement of Material Facts Not in Dispute, ECF No. 23-4.

## DISCUSSION

Under the doctrine of *res judicata*, federal court must give a state court judgment "the same preclusive effect as would be given that judgment under the law of the State in which the judgment was rendered." *Sackets Harbor Leasing Co. v. Vill. of Sackets Harbor*, 485 F. App'x 497, 499 (2d Cir. 2012) (quoting *O'Connor v. Pierson*, 568 F.3d 64, 69 (2d Cir. 2009)). In New York, "a valid final judgment bars future actions between the same parties (or their privies) on the same cause of action." *Moore v. United States Dep't of Ed.*, 457 F. App'x 10, 11 (2d Cir. 2011) (citing *Ferris v. Cuevas*, 118 F.3d 122, 126 (2d Cir. 1997)). "Accordingly, a litigant may not bring successive lawsuits 'to recover what is essentially the same relief for harm arising out of the same or related facts,' even if the suits depend on 'alternative theories' to establish entitlement to relief." *Sackets Harbor*, 485 F. App'x at 499 (quoting *O'Brien v. City of Syracuse*, 54 N.Y.2d 353, 357 (1981)).

Under New York law, privity exists between parties "who are successors to a property interest, those who control an action although not formal parties to it, those whose interests are represented by a party to the action, and possibly coparties to a prior action." *Yeiser v. GMAC Mortg. Corp.*, 535 F. Supp. 2d 413, 423 (S.D.N.Y. 2008) (quoting *Watts v. Swiss Bank Corp.*, 27 N.Y.2d 270, 277 (1970)). Privity exists when an original party transfers a loan to a successor in interest, who in turn sues the debtor. *Id.*

A case from the Eastern District of Michigan provides the Court with a nearly identical fact pattern on which to base its ruling. In that case, the Department of Education ("DOE") sued the defendant to recover nearly $6,000 in student loans, plus interest. *United States v. Fisher*, No. 01–CV–70063–DT, 2001 WL 1218710, at *1 (E.D. Mich. Aug. 21, 2001). Originally, the defendant received the loans from the Michigan Department of Education ("Michigan"). *Id.* at *3. After the defendant failed to make payments on the loans, Michigan sued the defendant in 1992

and a consent judgment was entered against him in state court. *Id.* Michigan then assigned the promissory notes to the DOE. *Id.* Nineteen years later, the DOE sued the defendant in federal court to recover on the loans assigned to it. *Id.* at *1.

The court found that the DOE's claim was barred by the doctrine of *res judicata*. *Id.* at *4. The court found that the federal suit included the same facts and issue as the state court action from 1992. *Id.* at *3-4. Additionally, the court found privity between the state and federal departments of education because the state assigned the loans to the federal government. *Id.* at *3.

Here, *res judicata* also bars Plaintiff's claim. As explained above, *res judicata* bars a plaintiff's claim if three conditions are met: (1) a valid final judgment was previously entered; (2) the judgment contained the same claim; and (3) the case involved the same parties, or their privies. *See Moore*, 457 F. App'x at 11 (citing *Ferris*, 118 F.3d at 126). Plaintiff satisfies all three requirements. First, NYSHESC received a valid final judgment against Strader in state court in 1992. ECF No. 23-5 at 4. The current cause of action is identical to the state court cause of action: Strader failed to make payments on his student loan, and Plaintiff seeks a judgment against him for the outstanding principal and interest. *See id.* at 2-4. Finally, Plaintiff is in privity with NYSHESC because Plaintiff is a successor-in-interest to NYSHESC. *See Yeiser*, 535 F. Supp. 2d at 423. NYSHESC assigned Strader's promissory note to Educational Credit Management Corporation in 2005, who in turn assigned it to Plaintiff in 2010. ECF No. 23-4 at 2. Consequently, this case satisfies all three conditions of the doctrine of *res judicata* under New York law and Plaintiff's claim is barred.

## CONCLUSION

For the foregoing reasons, Plaintiff's Motions for Summary Judgment and to Strike Affirmative Defenses, ECF No. 22, are DENIED, and the Complaint, ECF No. 1, is DISMISSED WITH PREJUDICE.  The Clerk of Court is directed to close this case.

IT IS SO ORDERED.

Dated: January 31, 2018
Rochester, New York

_____
HON. FRANK P. GERACI, JR.
Chief Judge
United States District Court